995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Janie Lou TIDWELL, Defendant-Appellant.
 No. 92-6089.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1993.
 
 Before: MILBURN, RYAN, and NORRIS; Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Defendant Janie Tidwell appeals from her sentence after a guilty plea and conviction for assisting a federal offender to avoid prosecution, in violation of 18 U.S.C. § 3. She raises the following issues:
 
 
 2
 1. Whether the district court erred in establishing the "underlying offense" for purposes of sentencing.
 
 
 3
 2. Whether the court erred in adding six points to the offense level, based on its determination that there were life threatening injuries.
 
 
 4
 Finding that the district court erred by basing its offense level calculation on an incorrect underlying offense, we reverse and remand for resentencing on both issues.
 
 I.
 
 5
 This case had its immediate genesis in the airing of NBC's popular television program, "Unsolved Mysteries." The host of "Unsolved Mysteries," actor Robert Stack, frequently notes the many fugitives who have been apprehended as a result of broadcasts of the program. The facts of this case suggest that Stack's claim is not an idle boast.
 
 
 6
 On March 2, 1990, a federal warrant was issued by a United States magistrate judge in Corpus Christi, Texas, charging Dale Edward Hyde with unlawful flight to avoid prosecution in the wake of a Texas indictment against him for felony injury to a child. This state indictment had been obtained in Corpus Christi on May 11, 1987.
 
 
 7
 Some time later, Hyde was featured on a broadcast of "Unsolved Mysteries." As a result of the broadcast, a caller telephoned the program's hot line and identified Hyde as a person living in Jackson County, Tennessee, with the defendant Tidwell. Additionally, soon after the broadcast of "Unsolved Mysteries," a friend of Tidwell called her and informed her of the content of the program. Tidwell was apparently unaware of Hyde's true identity; she knew the man living with her as Michael Lane. When she confronted Hyde about his true identity, he fled.
 
 
 8
 FBI agents soon contacted Tidwell about Hyde. Tidwell told the agents that she had been made aware of Hyde's identity only by the "Unsolved Mysteries" broadcast, that he had fled, and that she did not know his current whereabouts. During this and subsequent visits, federal agents discussed with Tidwell the penalties for aiding a fleeing felon.
 
 
 9
 On July 19, 1991, Hyde was apprehended in Reno, Nevada. During the course of its investigation, the FBI discovered that Tidwell had been in communication with Hyde several times after she had been contacted by federal agents. When questioned by agents, Tidwell admitted that she had telephoned Hyde and mailed him an envelope containing cash.
 
 
 10
 Tidwell was indicted for aiding a fleeing felon, and entered a guilty plea on March 2, 1992. The district court convened a sentencing hearing. At the sentencing hearing, the court based Tidwell's sentencing on Hyde's underlying state assault charge, not the federal flight to avoid prosecution charge. The court determined the base offense level for assault to be 9. The court then added six points because the victim sustained life threatening injury, and also added two levels because the victim of the assault was a small child. A reduction of two points was made for acceptance of responsibility, which provided a guidelines range of 21 to 27 months. The court noted that the statutory maximum was 30 months, and sentenced Tidwell to 27 months imprisonment. Tidwell is currently in custody.
 
 II.
 A.
 
 11
 Tidwell argues that the district court erred in basing her sentence on Hyde's underlying state assault offense, rather than on Hyde's federal unlawful flight offense, and that this error also caused the court to err in imposing the six-point enhancement. Tidwell contends that since there is no guideline for unlawful flight, an analogous guideline must be employed. The most analogous guideline, according to Tidwell, is set forth in U.S.S.G. § 2P1.1, which provides the guideline for escape, instigating or assisting escape. By Tidwell's calculations, she should have a guideline range of 0 to 6 months applied to her offense.
 
 
 12
 The government agrees that the district court committed reversible error in its sentencing of Tidwell. However, the government contends that the escape guideline offered by Tidwell is not sufficiently analogous. The government maintains that Tidwell should be sentenced under the harboring a fugitive guideline, or under the more general provisions of 18 U.S.C. § 3553(b).
 
 B.
 
 13
 This appeal presents a question of law concerning the district court's application of the guidelines. We review such determinations de novo. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989); see also United States v. Gabay, 923 F.2d 1536, 1545 (11th Cir.1991).
 
 
 14
 It is clear that the district court erred in sentencing. Both parties agree that when a defendant is convicted as an accessory after the fact, under 18 U.S.C. § 3, she is subject to the sentencing provisions of U.S.S.G. § 2X3.1. The base level offense under that guideline is set forth as follows:
 
 
 15
 Base offense level: 6 levels lower than the offense level for the underlying offense, but in no event less than 4, nor more than 30.
 
 
 16
 U.S.S.G. § 2X3.1(a). Application Note 1 to that guideline states that the "underlying offense" for the guideline is the "offense as to which the defendant is convicted of being an accessory." Thus, the district court erred in determining that the "underlying offense" was the state assault charge. Plainly, the underlying offense that Tidwell aided was the federal unlawful flight charge.
 
 
 17
 Normally, the next step would require that the court find the offense level for the charge of unlawful flight to avoid prosecution, a violation of 18 U.S.C. § 1073. Tidwell would then be assigned a base offense level "6 levels lower than [that] offense, but in no event less than 4, nor more than 30." U.S.S.G. § 2X3.1(a). However, the guidelines do not establish a base offense level for a violation of 18 U.S.C. § 1073.
 
 
 18
 When "no guideline expressly has been promulgated," the sentencing guidelines provide a mechanism for determining the appropriate guideline in section 2X5.1. That section directs courts to "apply the most analogous offense guideline." In situations where no analogous guideline can be found, section 2X5.1 directs that "the provisions of 18 U.S.C. § 3553(b) shall control." Section 3553(b), in turn, provides in relevant part as follows:
 
 
 19
 In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in [18 U.S.C. § 3553] subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.
 
 
 20
 Thus, the question remaining is whether there is a sentencing guideline sufficiently analogous to control this inquiry, or whether section 3553 should be applied. This determination should be made by the district court.
 
 III.
 
 21
 We conclude that the district court erred in basing Tidwell's sentence on Hyde's assault conviction rather than on the federal crime to which Tidwell was an accessory after the fact--flight from prosecution. We further conclude that the district court's misapplication of the underlying offense caused it to err as to both of Tidwell's assignments of error. On remand, the district court should determine whether there is an analogous guideline. If there is not, the court should resentence Tidwell under the provisions of 18 U.S.C. § 3553.
 
 IV.
 
 22
 For the foregoing reasons, we VACATE Tidwell's sentence and REMAND for resentencing.